FILED
IN CLERKS OFFICE

**UNITED STATES DISTRICT COURT** 2: 58
**DISTRICT OF MASSACHUSETTS**

0 6  CA  1 0 5 9 8  PBS

U.S. DISTRICT COURT
DISTRICT OF MASS.

06 ___ _ 0590 PBS

| | |
|---|---|
| JOSEPH SPADAFORA, as he is<br>Personal Representative of the Estate of<br>JOSEPHINE SPADAFORA<br>**Plaintiff,**<br><br>**v.**<br><br>MALDEN–MIDDLESEX MOTOR SALES, Inc.,<br>**and** BEVERLY WILLIS **also** DAVID APTAKER<br>as they are trustees of the SPADAFORA TRUST<br>**Defendants** | AMOUNT $ 7154/<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>**COMPLAINT** WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 4/5/06 |

Your Plaintiff respectfully represents as follows:

PARAGRAPHS COMMON TO ALL COUNTS

**1.** Plaintiff is a resident and citizen of the State of Florida, residing in Port Charlotte, Florida.

**2.** Defendant Beverly Willis is a citizen of the Commonwealth of Massachusetts. She resides in Malden in said Commonwealth.

**3.** Defendant David Aptaker is a citizen of the Commonwealth of Massachusetts. He has a principal place of business in Somerville in said Commonwealth and is an attorney at law.

**4.** Defendant Malden-Middlesex Motor Sales, Inc., (**Defendant Corporation**) is a Massachusetts Corporation with a principal place of business

1

in said Malden. It is a closely held corporation as that term is understood under the law of the Commonwealth of Massachusetts.

**5.** There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds seventy five thousand (**$75,000.00**) dollars, exclusive of interest and costs.

## COUNT I

**6.** Defendant Corporation was organized on May 7th 1946. At the time of its organization, the shareholders in equal numbers were William P. Spadafora, John J. Spadafora, John Piccirilli, and Alphonse R. Spadafora.

**7.** William P. Spadafora, John J. Spadafora, John Piccirilli, and Alphonse R. Spadafora, are now deceased. On information and belief, the shares of William P. Spadafora, I, were at the time of his death purchased by the three remaining shareholders. William died on June 20th 1968, and Alphonse died on August 24th 1979, John J. Spadafora died in January of 1994, and John Piccirilli died in 1996.

**8.** Josephine Spadafora, who died a citizen of Florida in 2004, was the wife of Alphonse. Upon his death, she succeeded to his position as a one-third (**1/3**) owner of Defendant Corporation.

**9.** John J. Spadafora died testate in 1994. By his Will he named the Malden Trust Company as executor of his estate. Malden Trust Company's successor, Eastern Bank, declined to serve, and the Probate Court appointed Walter Kelleher as Administrator with Will annexed. Mr. Kelleher is believed to be deceased. No subsequent Administrator of his Estate has been appointed.

2

**10.** Plaintiff is the son of Alphonse and Josephine Spadafora and has been duly appointed by the courts of the State of Florida as the personal representative of her Estate under her Will. (The laws of the state of Florida do not refer to Executors or Administrators but to Personal Representatives, who, however, carry out the same functions as Executors and Administrators.) Pursuant to the laws of the Commonwealth of Massachusetts, Plaintiff has registered an attested copy of his appointment with the Probate Court of the County of Middlesex.

**11.** John Piccirilli, Sr., died in 1998, and his children Beverly Willis and John Piccirilli, Jr., were under his Will named as co-executors of his Estate. However, when John Piccirilli, Jr., moved to have his sister Beverly Willis removed as co-executrix, the court appointed Defendant David Aptaker as Special Administrator of his Estate.

**12.** After the death of John Piccirilli, his daughter, Defendant Beverly Willis, took over the assets of the Defendant Corporation and began to treat those assets as if they were exclusively hers. Without calling or holding shareholder meetings, she declared herself to be sole officer of Defendant Corporation on forms filed with the Commonwealth of Massachusetts.

**13.** Specifically, Beverly Willis, on information and belief, has **(a)** misappropriated the funds of Defendant Corporation, **(b)** caused members of her immediate family and others who perform little or no services for Defendant Corporation to be employed thereby and draw salaries therefrom, **(c)** misappropriated corporate opportunities by spinning off lines of business engaged

3

in by Defendant Corporation and for no consideration or insufficient consideration giving these lines of business to members of her immediate family, (d) failed to account for money and property of Defendant Corporation, (e) fails to pay dividends to the shareholders of the Corporation, and (f) failed to pay rent to the Spadafora Trust, owner of the land and buildings used by the Corporation.

**14.** Plaintiff's testatrix and Plaintiff have attempted unsuccessfully to obtain records and as accounting from Defendants Willis and Aptaker, who have ignored their requests.

**15.** As a shareholder of a closely held Massachusetts corporation, Plaintiff is entitled to be treated as one to whom a fiduciary obligation is owed. Defendant Willis has utterly failed to honor her obligations to Plaintiff, who is entitled to relief in this court.

## COUNT II

**16.** Plaintiff incorporates by reference the allegations of paragraphs 1 through 15 of this Complaint.

**17.** On April 18th 1955, the aforesaid Alphonse R. Spadafora, William P. Spadafora, John J. Piccirilli and John J. Spadafora established the Spadafora Trust (The Trust) and duly recorded the Declaration of Trust, a copy of which is attached hereto and incorporated herein.

**18.** On information and belief, after William P. Spadafora died, his heirs transferred his interest in the Trust to the remaining trustees and their beneficiaries.

4

**19.** At her death Josephine Spadafora was a one-third **(1/3)** beneficiary of the Trust, and her interest in the Trust passed to her Estate.

**20.** Under Article XI of the Declaration of Trust, the Trust has not terminated and, unless sooner terminated by the holders of three-fourths **(3/4)** of the shares or by judicial decree, the Trust will continue until the year 2016.

**21.** The last two paragraphs of Article XI of the Declaration of Trust states:

> If a Trustee shall die, resign, or for any other reason cease to be a Trustee, a successor shall be appointed by vote of the holder of holders of three-fourths of the shares outstanding.
>
> In the event that the holders of the shares are unable to elect a successor for whatever reason, the executor or administrator of the deceased Trustee may act as a successor until an election shall have taken place.

**22.** The Trustees have been unable to elect any persons to replace Alphonse R. Spadafora, William P. Spadafora, John J. Piccirilli and John J. Spadafora or successor Trustee, Josephine Spadafora, all deceased. Therefore, by operation of Article IX, Plaintiff and Defendant Aptaker are the sole Trustees of the Trust. Plaintiff, in addition to being a Trustee, is also a cestui que Trust as are the other legatees under the will of Josephine Spadafora, on behalf of which legatees, he, as personal representative, brings this action.

**23.** The Trust currently owns the following properties:

**1)** **Property Address:** Northerly five-sixths of Lot 26, Charles Street, Malden

**Vesting Information:**

5

**Deed:**    Book 9412, Page 516, Dated 7-10-1959    **Description:** Plan at the end of Book 1227

2)    **Property** Address: Lots 19 and 23 and parts of Lots 17 and 18, Charles Street, Malden

**Vesting Information:**

**Deed:**    Book 9412, Page 514, Dated 7-10-1959

**Description:** Lots 19 and 23 and parts of Lots 17 and 18, Plan at the end of Book 1227

3)    **Property Address: Lots** 17 and 18, on Abbott Street and Charles Street, Malden

**Vesting Information:**
**Deed:**    Book 8449, Page 484, Dated 4-18-1955
**Description:** Lots 17 and 18, Plan at the end of Book 1227

4)    **Property Address: The** land situated on the Westerly side of Abbott Street and Northerly side of Charles Street, Malden
**Vesting Information:**
**Deed:**    Book 8449, Page 494, Dated 4-18-1955
**Description:** Plan Book 57, Plan 13

5)    **Property Address: Lot** 46, Charles Street, Malden

**Vesting Information:**
**Deed:**    Book 8449, Page 496, Dated 4-18-1955
**Description:** Lot 46, Plan of land in Malden dated November 7, 1928

6)    **Property Address:** 110 Charles Street, Malden

**Vesting Information:**
**Deed:**    Book 8449, Page 493, Dated 4-18-1955
**Description:** Lot 44, Plan Book 57, Plan 13

7)    **Property Address:** Lot 7, Charles Street, Malden
**Vesting Information:**
**Deed:**    Book 8460, Page 493, Dated 5-4-1955
**Description:** Lot 7, Plan of Building Lots in Malden dated November 12, 1868

8)    **Property Address:** Lot 1, Charles Street, Malden

**Vesting Information:**

> **Deed:** Book 11181, Page 125, Dated 8-4-
> 1966 **Description:** Lot 1, Plan at Book 11181,
> Page 125

**9)**   **Property** Address: Jackson Street, Malden

> **Vesting Information:**
> **Deed:**   Book 8449, Page 491, Dated 4-18-1955
> **Description:** Containing Approximately
> 3,112 square feet

**10)**   **Property Address:** Westerly part of Lot 6, Centre Street, Malden

> **Vesting Information:**
> **Deed:**   Book 8449, Page 492, Dated 4-18-1955
> **Description:** Westerly part of Lot 6, Plan Book 16B, Plan 42.

**24.**   On information as belief, some or all of these properties are rented

to tenants.

**25.**   Defendant Beverly Willis has in effect treated the Trust property as

if it were her own and has paid none of the income earned from these properties to

Plaintiff or to other beneficiaries of the Spadafora Trust.

**26.**   Plaintiff has demanded an accounting with respect to both the

Trust and Defendant Corporation from Defendant Aptaker. A copy of this letter

to said Defendant dated February 8th 2006, annexed hereto, but Defendant

Aptaker ignored said letter.

**27.**   Defendant Aptaker has also refused a request by John Piccirilli, Jr.,

that he sue Defendant Willis on behalf of the estate of John Piccirilli, Sr. There is

no reason to believe that he would do so at the request of Plaintiff even though as

a trustee of the Trust he has an obligation to protect the Trust's assets.

**28.**   As a co trustee and cestui que trust of the Spadafora Trust, Plaintiff

is one to whom a fiduciary obligation is owed as well as access to all trust

records.

7

**29.** Defendant Willis, though not a trustee, is aware of the fact that the properties listed in paragraph 23 are held in trust and under Massachusetts law she is as guilty of breach of trust as if she were a trustee.

**30.** Defendant Aptaker has failed to carry out his duties as a trustee and has aided and abetted Defendant Willis in her misappropriation of trust property and income.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. An accounting from Defendants with respect to **Malden-Middlesex Motor Sales, Inc.**, and the **Spadafora Trust;**

2. payment of all moneys of either entity found to have been misappropriated;

3. interest, costs, and attorney's fee;

4. all other appropriate relief.

By Plaintiff's attorney

**David Berman**
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. (781) 395-7520

*Dated: April 5th 2006*

SPADAFORA/4/4/2006/Complaint

8